UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Q.T., a minor, by and through next friend, JENNIFER TIDD, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Case No. 1:19-cv-1285 (RDA/JFA) ) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) ) ) ) |
| Defendant. | ) |

## CONSENT ORDER

This Consent Order is entered into as of the Effective Date, as defined below, by and between Plaintiffs Q.T., a minor, by and through next friend Jennifer Tidd; A.O., a minor, by and through next friend Pamela Ononiwu; D.O., a minor, by and through next friend Pamela Ononiwu; C.T., a minor, by and through next friend Ashley Thomas; J.M., a minor, by and through next friend Amanda Mills; and J.R., a minor, by and through next friends Kristopher Roby and Loraine Fearon Roby; Council of Parent Attorneys and Advocates; Autistic Self Advocacy Network; and Communication First (collectively "Plaintiffs"), Defendant Fairfax County School Board ("Defendant"). Plaintiffs and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

### Recitals

1. Plaintiffs filed this lawsuit in the United States District Court for the Eastern District of Virginia, alleging that Defendant's implementation of policies regarding restraint and seclusion of students with disabilities violated Title II of the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12131, et seq., Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 794, et seq., and 42 U.S.C. § 1983 pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and seeking damages and injunctive relief ("the Action").

2.  Defendant expressly denies that it has violated any federal, state or local law, and any other wrongdoing or liability whatsoever. By entry of this Consent Order, Defendant does not admit any wrongdoing.

3.  This Consent Order, along with the Parties' private settlement agreement that they have separately executed, resolves, settles, and compromises all issues between the Parties in the Action.

### Jurisdiction

4.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. The Parties agree that for purposes of the Action and this Consent Order venue is appropriate.

### Agreed Resolution

5.  The Parties agree that it is in their best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Order without trial or further adjudication of any issues of fact or law raised in Plaintiffs' Complaint. In resolution of this Action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

### Definitions

6.  "Effective Date" means the date on which this Consent Order is entered on the Court's Docket via the CM/ECF system following approval by the Court.

7.  "Seclusion" is defined in accordance with Virginia regulation 8VAC20-750-10, which, for purposes of this Consent Order, is interpreted to be consistent with the definition used in the

U.S. Department of Education's Civil Rights Data Collection ("CRDC definition"), such that an incident must be considered "seclusion" if it meets the CRDC definition of seclusion. Defendant agrees that it is bound by the CRDC definition of seclusion and is required to report data for the CRDC in accordance with that definition.

## Term

8. The term of this Consent Order shall commence as of the Effective Date and remain in effect for three (3) years from the Effective Date.

## Requirements

9. As of January 1, 2021, seclusion shall be prohibited in all Fairfax County Public Schools ("FCPS") except Key Center, Kilmer Center, and Burke School, and shall remain prohibited thereafter at all such schools.

10. Seclusion shall be prohibited at Burke School by January 1, 2022, and shall remain prohibited thereafter.

11. Seclusion shall be prohibited at Key Center and Kilmer Center by the start of the 2022-2023 school year and shall remain prohibited thereafter.

12. By the start of the 2022-2023 school year, Defendant shall not enter into a contract for the placement of a student at a private school ("Private Placement School") that permits the use of seclusion. Notwithstanding any other provision of this Consent Order, upon parent, guardian, or student request, any student placed in a Private Placement School before the 2022-2023 school year may remain at that school, under contract from Defendant, even if the Private Placement School permits seclusion after the start of the 2022-2023 school year.

13. By December 31, 2021, Defendant shall notify parents or guardians with students at Key Center, Kilmer Center, or Burke School, in writing, that (i) seclusion shall be prohibited at Burke

School beginning January 1, 2022, and will be prohibited at Key Center and Kilmer Center by the start of the 2022-2023 school year; (ii) that they may submit a note from a licensed physician, psychologist, or other qualified health professional under the scope of the professional's authority confirming that seclusion is medically or psychologically contraindicated for their child(ren), which would opt their child(ren) out of seclusion; and (iii) between January 1, 2022 and the start of the 2022-2023 school year, parents or guardians with child(ren) at Key Center or Kilmer Center who do not want their child(ren) secluded may request that an individual education program ("IEP") team convene to consider other placements.

14. In the period before seclusion is prohibited at Key Center, Kilmer Center and Burke School, FCPS shall use best efforts to end the use of seclusion at these schools in advance of the deadlines set forth herein by:

    a. Engaging Ukeru to provide training at Key Center, Kilmer Center, and Burke School no later than in the first semester of the 2021-2022 school year;

    b. In consultation with a mutually-agreed-upon consultant ("Consultant"), developing procedures, training, and milestones to end seclusion as soon as practicable and potentially in advance of the deadlines set forth herein, with Defendant sharing such procedures, training and milestones with Plaintiffs in writing; and

    c. Providing quarterly reports to the School Board, Plaintiffs, and the public, until such time as the use of seclusion is prohibited at Key Center, Kilmer Center, and Burke School, on Defendant's implementation of Consultant's recommendations for implementing procedures, training and milestones to end seclusion as soon as practicable and potentially in advance of the deadlines set forth in this Agreement.

    i. If Defendant rejects or modifies Consultant's recommendations referenced above, Defendant shall provide the reason(s) for its rejection or modification in the quarterly reports referenced above.

    ii. Defendant shall adopt Consultant's recommendations unless Defendant establishes that (1) they would constitute undue burdens or fundamental alterations, as those terms are defined under the ADA (which could include, among other things, excessive expenditures of staff time, major disruptions to the school day, or actions that would cause Defendant to violate other federal laws, including the IDEA), or (2) they are contrary to a student's IEP and/or Section 504 plan and the student's parent/guardian does not consent.

### Dismissal of Case With Prejudice

15. Plaintiffs and Defendant have agreed that following the Court's entry of this Consent Order, the case will be dismissed with prejudice, with the Court retaining continuing jurisdiction to enforce this Consent Order through its term. Within ten (10) days of the Effective Date, the Parties will separately file a stipulation of dismissal with prejudice.

### Procedures in the Event of Disputes

16. The procedures set forth in Paragraphs 17-19 must be exhausted in the event that Plaintiffs allege that Defendant has failed to meet its obligations pursuant to this Consent Order. There will be no breach of this Consent Order by Defendant in connection with such allegations until the following procedures have been exhausted.

17. If Plaintiffs believes that Defendant has not complied materially with any provision of this Consent Order, Plaintiffs shall provide notice in writing to Defendant as soon as practicable, but no later than thirty (30) days after Plaintiffs become aware, or reasonably should have become aware, of a potential violation. The notice shall contain: (i) the alleged act of non-compliance, (ii) a reference to the specific provision(s) of the Consent Order that Plaintiffs allege Defendant has not complied with; (iii) a statement of the remedial action sought by Plaintiffs; (iv) a brief, but reasonably detailed, statement of the specific facts, circumstances, and legal

argument supporting Plaintiffs' position; and (v) any reasonably available, non-privileged information that supports the alleged failure to comply.

18. Within 30 days of Defendant's receipt of a notice of non-compliance, Defendant shall respond to Plaintiffs in writing, including by requesting any additional non-privileged information in Plaintiffs' possession that Defendant believes may assist investigation of the alleged failure to comply. Defendant's time to respond shall be tolled until such information is provided or Plaintiffs respond that they cannot provide the requested additional information.

19. The parties shall negotiate in a good faith attempt to resolve any alleged instances of non-compliance.

20. If the Parties are unable to reach a mutually acceptable resolution within thirty (30) days of Defendant's response or failure to respond to Plaintiffs' written notice of non-compliance, Plaintiffs may seek enforcement of compliance with this Consent Decree from the Court.

21. Plaintiffs shall not seek enforcement of this Consent Order, and Defendant will not be deemed to be in breach, and may not be held in contempt, of this Consent Order, in instances in which Defendant establishes that an alleged breach is: (1) an isolated occurrence, and (2) is addressed by Defendant with appropriate remedial action. Lack of training or oversight by Defendant shall not be considered an isolated occurrence.

22. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

> **For Plaintiffs**:
> Jessica P. Weber
> BROWN GOLDSTEIN & LEVY
> 120 E. Baltimore Street, Suite 2500
> Baltimore, MD 21202
> T   410.962.1030 x9405

F   410.385.0869
E   Jweber@browngold.com

**For Defendant**:
Maya M. Eckstein
HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23229
T   804-307-6291
F   804-343-4630
E   meckstein@hunton.com

John E. Foster
Division Counsel
Office of Division Counsel
Fairfax County Public Schools
8115 Gatehouse Road, Suite 5600
Falls Church, Virginia 22042
T   571-423-1250
E   John.foster@fcps.edu

## Consent Order Has Been Read

23.  This Consent Order has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Order is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel before executing the Consent Order. The signatories represent that they have the authority to bind the respective Parties to this Consent Order.

By: ___/s/_____
Kevin E. Byrnes, VSB No. 47623
Fluet Huber + Hoang, PLLC
1751 Pinnacle Drive
10th Floor
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
kbyrnes@fhhfirm.com

Eve L. Hill (pro hac vice)

7

        Sharon Krevor-Weisbaum (pro hac vice)
        Jessica P. Weber (pro hac vice)
        BROWN, GOLDSTEIN & LEVY, LLP
        120 East Baltimore Street, Suite 1700
        Baltimore, Maryland 21202
        T: (410) 962-1030
        F: (410) 385-0869
        EHill@browngold.com
        SKW@browngold.com
        JWeber@browngold.com

        *Counsel for Plaintiffs*

        By: \_\_\_/s/_____
        Maya Eckstein (VSB No. 41413)
        HUNTON ANDREWS KURTH LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, VA 23219
        Telephone: (804) 788-8788
        Facsimile: (804) 343-4630
        meckstein@HuntonAK.com

        *Counsel for Defendant Fairfax County School Board*

## Court Approval, Adoption, and Entry of the Consent Order

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Order,

FINDS AS FOLLOWS:

1. This Court has jurisdiction over the Action under 28 U.S.C. §§ 1331 and 1334;

2. The provisions of this Consent Order shall be binding upon the Parties;

3. This Consent Order is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4. The Court's jurisdiction over this matter shall continue for 36 months from the Effective Date; and

5. This Consent Order shall be deemed adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged, by Plaintiffs in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Order and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED.
Date: 12-2-2021

/s/
Rossie D. Alston, Jr.
United States District Judge